[L. A. No. 4408.   In Bank.—September 7, 1915.]

## VALLEY TELEPHONE COMPANY (a Corporation), Petitioner, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

PUBLIC UTILITIES — TELEPHONE COMPANY — APPLICATION TO EXTEND SYSTEM—CERTIORARI TO REVIEW ORDER OF RAILROAD COMMISSION DENYING—INSUFFICIENT GROUNDS.—An application for a writ of *certiorari* to review the action of the railroad commission in denying a telephone company a certificate "that the present and future public convenience and necessity require and will require" the extension of applicant's telephone system into a certain city, should be denied, where no claim is made that the conclusion of the railroad commission was without sufficient legal support in the evidence, or that, assuming that the commission had jurisdiction, it did not regularly pursue its authority, it being contended in effect that under other provisions of the law the city to which it was proposed to extend the system had the authority, independent of any action by the railroad commission, to allow petitioner to extend the system into and to prosecute its business within such city, and that section 50 of the Public Utilities Act in so far as it may purport to affect such authority of such city, is unconstitutional. If petitioner's contention is well founded it needs no such certificate, but if the certificate is essential no reason is shown by the application for any interference with the decision of the commission. The question whether or not the certificate is essential under the law as it stands is not cognizable on this application.

APPLICATION originally made to the Supreme Court of the State of California for a Writ of Certiorari to review the action of the railroad commission in refusing a certificate to a telephone company that the public convenience requires the extension of its system in a certain city.

The facts are stated in the opinion of the court.

Haines & Haines, for Petitioner.

ANGELLOTTI, C. J.—The petitioner, a telephone company, sought from the railroad commission a certificate "that the present and future public convenience and necessity require and will require" the extension of its telephone system into the city or town of Holtville, Imperial County, section 50 of the Public Utilities Act providing that no telephone

corporation shall henceforth begin the construction of any extension of its line, plant, or system without having first obtained from such commission such a certificate. The application was denied by the railroad commission, and an application for a rehearing having been also denied, the petitioner seeks here a writ of review for the purpose of having the lawfulness of the decision of the railroad commission inquired into and determined. (Public Utilities Act, sec. 67.)

No claim appears to be made here that the conclusion of the railroad commission was without sufficient legal support in the evidence, or that, assuming that the commission had jurisdiction, it did not regularly pursue its authority. The only claim made here is practically one to the effect that the railroad commission has no authority to exclude petitioner from extending its system into Holtville, for the reason that under other provisions of our law the city of Holtville has the authority, independent of any action by the railroad commission, to allow petitioner to extend its system into and to prosecute its business within such city, and that section 50 of the Public Utilities Act in so far as it may purport to affect such authority of such city is unconstitutional. This contention necessarily means that no application to the railroad commission was essential as a prerequisite to the extension of petitioner's system, and that any certificate granted by the railroad commission on such an application would be ineffectual for any purpose. Of course the application to the railroad commission by petitioner was based solely upon the theory that this requirement of the Public Utilities Act was a valid requirement and that the certificate was essential. The order sought to be reviewed is simply one denying the application of petitioner for such a certificate. If petitioner's contention is well founded, as to which we make no intimation, it needs no such certificate as that sought at the hands of the railroad commission. If the law is such that such a certificate is essential to any extension of petitioner's system into the city of Holtville, no reason is shown by the application before us for any interference on our part with the decision of the commission. The question whether or not the certificate is essential under the law as it stands we do not think is cognizable on this application for a review of the order of the railroad commission.

The same objection might have been made to the consideration of a similar question in *Oro Electric Corp.* v. *Rail-*

*road Commission,* 169 Cal. 466, [147 Pac. 118], but in that case other questions were involved, and the respondent in effect joined in the request for the issuance of the writ, and the court deemed it best, in view of the novelty of the law and the importance of the questions presented, to dispose of the questions that were discussed, on their merits. These considerations do not apply here.

The application for a writ of *certiorari* is denied.

Sloss, J., Shaw, J., Lorigan, J., and Lawlor, J., concurred.